NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CACIQUE, INC. and CACIQUE DISTRIBUTORS, U.S., <br><br>             Plaintiffs, <br><br> v. <br><br> TROPICAL CHEESE INDUSTRIES, INC., <br><br>             Defendant. | Civ. No. 03-2081 (WGB) <br><br> **M E M O R A N D U M** <br> **O P I N I O N** |

**APPEARANCES:**

John Livelli, Esq.
Robinson & Livelli
Two Penn Plaza East
Newark, NJ 07105

John F. Collins, Esq.
Dewey Ballantine, LLP
1301 Avenue of the Americas
New York, NY 10036

          Attorney for Plaintiff

Mark E. Tabakman, Esq.
Grotta, Glassman & Hoffman, P.C.
75 Livingston Avenue
Roseland, NJ 07068

          Attorney for Defendant

**BASSLER, SENIOR DISTRICT JUDGE:**

     Defendant Tropical Cheese Industries, Inc. ("Tropical") appeals Magistrate Judge Madeline Cox Arleo's Order Regarding

Discovery and Scheduling dated August 16, 2005, ordering defendant to produce company-wide financial records for the period April 2002 to March 2005.  For the reasons set forth below, the Court **affirms** Judge Arleo's August 16, 2005 Order.

I.   BACKGROUND

Plaintiff Cacique ("Cacique") and defendant Tropical ("Tropical") are direct competitors in the Hispanic heritage cheese market.  Cacique is a national market share leader that has invested considerable resources to identify the best retail outlets, brokers and distributors, and conducted "qualitative and quantitative marketing research studies that are used as an input to developing their strategic marketing plans."  (Tabakman Certification, Exhibit D, Report of Sanjay K. Dahar, Ph. D., at 15.)  This information is confidential and proprietary as per Cacique's Confidentiality and Invention Assignment Agreement that it enters into with all of its employees.

In contrast, Tropical has a strong presence in the Metro area.  One of its goals is to grow from "a super regional to a national company" by developing new markets throughout the country.  (Tabakman Certification, Exhibit D, at 22.)  According to Cacique's expert, Tropical is a less sophisticated business than Cacique.  It lacks professional management, does not employ marketing and budgeting plans, and does not conduct proprietary

research in new markets outside the Metro region. (Tabakman Certification, Exhibit D, at 24.)

This litigation dates back to May 2003, when Cacique filed a three-count Complaint against Tropical alleging misappropriation of trade secrets, unfair competition by receiving trade secrets and confidential material, and tortious interference with Cacique's contractual relations with its customers and distributors.  At the center of the dispute is Tropical's employment of Cacique's former Eastern Regional Sales Manager, Alexander Fernandez.  Tropical hired Mr. Fernandez as its National Sales Manager, responsible for sales outside of the New York Metropolitan ("Metro") region.[1]  Cacique claims that Mr. Fernandez, "inadvertently or intentionally . . . is in the position to compromise all of the information that he possesses about Cacique's confidential and proprietary information" to Tropical. (Tabakman Certification, Exhibit D, at p. 24.)

Cacique seeks monetary damages for injury arising out of Tropical's alleged misappropriation of Cacique's proprietary business information.  Pursuant to New Jersey law, plaintiff's damages may be assessed by measuring Tropical's net profits in

---

[1]  Tropical has two separate sales divisions – New York Metro and Regional.  Despite his title as National Sales Manager, Mr. Fernandez heads the Regional division, which includes <u>all</u> sales outside of the New York Metropolitan area.  In that capacity, he is responsible for developing sales in new regions.  (<u>See</u> Tabakman Certification, Exhibit I, Transcript of the Deposition of Alexander Fernandez.)

its business operations since Mr. Fernandez' employment.  See <u>A. Hollander & Son v. Imperial Fur Blending Corp.</u>, 2 N.J. 235 (1949); <u>Platinum Management, Inc. v. Dahms, et al.</u>, 285 N.J. Super. 274, 308-09 (Law Div. 1995).

In the Order Regarding Scheduling and Discovery dated February 27, 2004, Magistrate Judge Arleo ordered limited financial discovery relating only to the territory covered by Mr. Fernandez at Tropical.  Judge Arleo specifically excluded Tropical's "Metro New York" sales region from discovery.  However, in July 2005, Cacique requested discovery of Tropical's "Metro" sales to be produced as well "for counsel and experts eyes only" pursuant to the Protective Order issued in this case.  Cacique contends that company-wide information will provide a bigger picture of Tropical's sales figures to enable its expert to better assess Cacique's damages.  Additionally, Cacique argues that this information is relevant because there is "an inevitable spill over" into the Metro area, "both in the nature of the information that Mr. Fernandez brought with him [to Tropical] and given the structure of the organizations with[in] Tropical Cheese."  (Tabakman Certification, Exhibit K, Transcript of Hearing Before The Honorable Madeline Cox-Arleo, United States Magistrate Judge, at 12-13.)

In opposition, Tropical contends that company-wide financial information should not be produced because it is absolutely

irrelevant to Cacique's damages and is highly proprietary. First, as Cacique's expert report indicates, Mr. Fernandez can only hurt Cacique in the same markets that he used to work in while at Cacique.  Since Mr. Fernandez' daily duties at Tropical relate only to the Regional area, Tropical argues that financial information for the Metro area is irrelevant.  Second, the financial statements that Cacique requests show sales and expense information for both Metro and Regional areas.  As a result, Cacique's expert will have to extrapolate Metro estimated figures, which would not be helpful in determining Tropical's net profits for purposes of assessing damages.  Alternatively, Tropical proposes to make a good faith effort estimate of the percentage of administrative costs pertaining to the Regional area to aid Cacique's expert's analysis.

In the August 16, 2005 Order Regarding Discovery and Scheduling, Judge Arleo ordered Tropical to produce "periodic financial reports . . . covering each of the three one-year periods corresponding to the regional sales schedules previously produced."  (Tabakman Certification, Exhibit A, Order Regarding Discovery and Scheduling dated August 15, 2005, at 2).  Judge Arleo found that Tropical's company-wide financial records are relevant to Cacique's calculation of damages.  Tropical filed a timely appeal under L. Civ. R. 72.1.(c)(1)(a) maintaining that Judge Arleo's Order is clearly erroneous and should be reversed.

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Cacique is incorporated in California and Tropical is incorporated in New Jersey, and the amount in controversy requirement exceeds $75,000.

II. DISCUSSION

    A. Standard of Review

In reviewing the decision of a magistrate judge, courts shall "set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." L. Civ. R. 72(c)(1)(A); see 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see also Mruz v. Caring, Inc., 166 F. Supp. 2d 61, 66 (D.N.J. 2001).

A magistrate's determination is entitled to great deference. Andrews v. Goodyear Tire & Rubber Co., 191 F.R.D. 59, 68 (D.N.J. 2000). It will not be reversed simply because the district court disagrees with the magistrate judge's findings. Id. As interpreted by the Supreme Court, the clearly erroneous standard is not met unless "the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. Gypsum Co., 333 U.S. 364, 395 (1948); see also Andrews, 191 F.R.D. at 59. A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied the applicable law. Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

B. <u>Relevancy of the Financial Records</u>

The Federal Rules of Civil Procedure allow discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The Rule permits "the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or defense of any party, unprivileged, and 'appears reasonably calculated to lead to the discovery of admissible evidence.'" <u>Frazier v. Wawa, Inc.</u>, No.CIV.A.03-1057, 2003 WL 22939381, at *2 (E.D. Pa. Sept. 4, 2003) (citing Fed. R. Civ. P. 26(b)(1); <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947)). Furthermore, "a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Nobles v. Jacobs/IMC, No. CIV.2002/26, 2003 WL 23198817, at *1 (D.V.I. July 7, 2003).

Tropical asserts that Judge Arleo's finding of relevancy is clearly erroneous. It argues that the records sought by Cacique are beyond the scope of discovery in that they are "absolutely irrelevant" to the computation of damages. Tropical, however, has failed to demonstrate that such discovery cannot yield relevant information. Tropical's assertion that "the Magistrate Judge did not give proper weight to the vast preponderance of [Cacique's] expert's conclusions and deposition testimony, which demonstrate that . . . Mr. Fernandez' alleged and unproved

7

'inevitable disclosures' have 'spilled over' to territories he does not cover" is unfounded. (Defendant's Brief in Support of Appeal, at 1-2.)

Judge Arleo agreed that even though "looking at . . . the Metro area may be a stretch in this case," Cacique satisfied the standard for discovery. (Tabakman Certification, Exhibit K, at 27.) Specifically, Cacique has demonstrated that the regional sales schedules previously provided by Tropical include combined Metro and Regional costs and expense figures, making net profits for the Regional area difficult to calculate. Cacique requests company-wide financial information so that its damages expert can derive net profit numbers for the Metro and Regional areas separately and assess Cacique's damages more accurately. As Judge Arleo observed, "the real issue is . . . whether [Cacique] [is] entitled to this information to explore and to pursue a damage theory. It's very different than the ultimate evidential issue or the ultimate fact issue that a jury will conclude at the end of the day." (Tabakman Certification, Exhibit K, at 5.) On these facts, Judge Arleo's finding of relevancy and the decision to allow discovery is not clearly erroneous.

Furthermore, taking into consideration the highly proprietary nature of Tropical's financial information, Judge Arleo ordered discovery for "counsel and expert eyes only" under the strict protection of the Protective Order. Judge Arleo

8

provided that no copies of the financial records should be made and that the financial records not leave the offices of Cacique's counsel. Judge Arleo's order ensures that Tropical's confidentiality is preserved and that no information is disclosed to any competitor.

The Court concludes that Judge Arleo's interpretation and application of the Rule 26(b)(1) standard for the scope of discovery was not clearly erroneous or contrary to law.

III. CONCLUSION

For the foregoing reasons, no clear error has been made. Judge Arleo's August 16, 2005 Order Regarding Discovery and Scheduling is **affirmed.**

An appropriate Order follows.

Dated: June 22, 2006

                                        /s/ William G. Bassler

                                        WILLIAM G. BASSLER, U.S.S.D.J.